UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID SCOTT HARRISON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JAMES TILTON, et al.,<br><br>　　　　Defendants. | Case No. CV 06-7423-GW (RNB)<br><br>**PROTECTIVE ORDER**<br><br>Judge:  Hon. George H. Wu |

Having considered the Ex Parte Application of Defendants and Ironwood State Prison Warden Debra Dexter, along with the Stipulation of the Parties regarding Confidential Information to be produced in this case, the Court finds good cause for entry of a Protective Order as follows:

　　1.　**PURPOSE AND SCOPE**

Plaintiff served a subpoena duces tecum for documents to Ironwood State Prison Warden Debra Dexter (the "Warden"); in response thereto, the Warden is producing documents deemed privileged and/or confidential, including personnel records of the defendant correctional officers, and other information designated as Official Information.  Documents produced under these designations, as well as

information copies or extracted therefrom, including testimony, conversations, or presentations by parties or counsel to or in court, shall be referred to as "Confidential Information," and shall be subject to this Protective Order.

## 2. **DURATION**

The confidentiality obligations imposed by this Protective Order shall remain in effect even after the termination of this litigation, and shall not be lifted without further order of this Court.

## 3. **DESIGNATED CONFIDENTIAL INFORMATION**

3.1   Each party or non-party that designates Confidential Information for protection under this Protective Order shall ensure that such designation is not over-broad, and applies only to those materials, documents, items, or communications (or portions thereof) for which such protection is warranted.

3.2   Confidential Information protected by this Protective Order must be clearly designated prior to the disclosure or production of such Confidential Information, and must bear the notation of "Confidential" or "Attorneys' Eyes Only" on each page that contains Confidential Information.

3.3   An inadvertent failure to designated Confidential Information does not waive the producing party's right to secure protection under this Protective Order. If the producing party discovers after production of the Confidential Information that the information is lacking the appropriate designation, the producing party must timely notify the receiving party, who shall make reasonable effort to ensure that the Confidential Information is treated in accordance with the provisions of this Order.

## 4. **TERMS AND CONDITIONS OF USE OF INFORMATION**

4.1   Under no circumstances shall Confidential Information be used in any proceeding other than the instant case or be disseminated, in any form, except by order of this Court. Confidential Information must be stored and maintained by

the receiving party at a location and in a secure manner that ensures that access is limited to the person authorized under this Protective Order.

    4.2    Confidential information and information derived therefrom may not be disclosed in any form to anyone not covered under this protective order.

    4.3    Disclosure of Confidential Information designated "Confidential" shall be limited to the personnel and/or classification of persons listed below:

    a.    Any Party to this action and that Party's counsel;

    b.    staff and personnel employed by counsel for any party to this action;

    c.    the Court and court personnel, in connection with this litigation;

    d.    during their depositions, witnesses who, from the face of the document, appear to have previously authored or received it; and,

    e.    experts or consultants retained/consulted to work on this case by counsel for any party to this action (so long as each such expert or consultant agrees, in writing, to be bound by the terms of this Protective Order).

    4.4    Disclosure of Confidential Information designated "Attorneys' Eyes Only" shall be limited to the personnel and/or classification of persons listed below:

    a.    Counsel for any party to this action;

    b.    staff and personnel employed by counsel for any party to this action;

    c.    the Court and court personnel, in connection with this litigation; and

    d.    experts or consultants retained/consulted to work on this case by counsel for any party to this action (so long as each such expert or consultant agrees, in writing, to be bound by the terms of this Protective Order).

4.5     This section is not intended to limit the ability of counsel to prepare Plaintiff for his deposition or for participation at trial; however, under no circumstances shall Confidential Information designated "Attorneys' Eyes Only" be provided directly to the Plaintiff, Inmate David Scott Harrison.

4.6     Counsel for any party to this action shall advise those individuals to whom disclosure of Confidential Information is to be made of the contents of this Protective Order, and such counsel shall obtain the consent of such individual that he or she will be bound by this Protective Order, prior to disclosure of Confidential Information.  In the event such individual does not consent to be bound by this Protective Order, no disclosure of Confidential Information shall be made to that individual.

4.7     Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to Confidential Information in any other court proceeding without further order of this Court.

4.8     Nothing in this Protective Order is intended to prevent officials or employees of the California Department of Corrections and Rehabilitation or other authorized individuals from having access to Confidential Information to which they would have had access in the normal course of their duties.

4.9     The parties shall made good faith efforts to consent to the use of Confidential Information, and shall meet and confer to discuss redactions of particularly sensitive information before making use thereof.

5.     **CHALLENGES TO DESIGNATIONS OF CONFIDENTIAL INFORMATION**

5.1     Should a party challenge the confidentiality of information so designated, that party must do so in good faith, and shall confer directly with counsel for the producing party.

5.2     If the parties are unable to resolve the designation informally, the party challenging the designation may file and serve a motion under Civil Local

Rule 7 (an in compliance with Civil Local Rule 79-5, if applicable), identifying the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. The designation of the challenged information shall remain unchanged under the Court rules on the challenge.

6. **UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

If a receiving party learns that it has disclosed Confidential Information to any person or entity not authorized to receive such information pursuant to this Protective Order, the receiving party shall immediately (a) notify the producing party of the unauthorized disclosure, including identification of the person or entity to whom such unauthorized disclosure was made, (b) retrieve all copies of the Confidential Information from the unauthorized recipient, (c) inform the unauthorized recipient of the terms of this Protective Order and request that they agree, in writing, to be bound hereto. Should the Court determine that the receiving party intentionally disclosed Confidential Information to an unauthorized party, the Court may consider the imposition of sanctions, including but not limited to monetary sanctions and/or issue preclusion.

Under no circumstances shall the receiving party file in the public record any Confidential Information, without written permission from the producing party or an Order of this Court, and only upon timely written notice to all interested parties. The parties shall made good faith efforts to consent to the use of Confidential Information, and shall meet and confer to discuss redactions of particularly sensitive information

7. **RIGHT TO ASSERT OBJECTIONS**

By the entry of this Protective Order, the parties are not waiving any rights that they might otherwise have to objecting to disclosure or production of information on any ground not addressed herein. The parties do not waive any right to object to the use in evidence of the material covered by this Protective Order.

**IT IS SO ORDERED.**

Dated: Nov. 20, 2008

_____
The Honorable George H. Wu
United States District Court Judge